# Order

**Michigan Supreme Court**
**Lansing, Michigan**

October 24, 2012

Robert P. Young, Jr.,
Chief Justice

Michael F. Cavanagh
Marilyn Kelly
Stephen J. Markman
Diane M. Hathaway
Mary Beth Kelly
Brian K. Zahra,
Justices

140422

PEOPLE OF THE STATE OF MICHIGAN,
      Plaintiff-Appellant,

v

DEDRICK LAVONZ McCAULEY,
      Defendant-Appellee.

SC: 140422
COA: 281197
Wayne CC: 07-009190-01

_____/

By order of January 12, 2011, the application for leave to appeal the January 19, 2010 judgment of the Court of Appeals was held in abeyance pending the decision in *Lafler v Cooper*, cert gtd 131 S Ct 856 (2011). On order of the Court, the case having been decided on March 21, 2012, 566 US ___; 132 S Ct 1376; 182 L Ed 2d 398 (2012), the application is again considered and, pursuant to MCR 7.302(H)(1), in lieu of granting leave to appeal, we REVERSE the judgment of the Court of Appeals, we VACATE the judgment of sentence of the Wayne Circuit Court, and we REMAND this case to the trial court for consideration of an appropriate remedy in light of *Lafler*. The trial court did not clearly err in concluding that defense counsel was ineffective, and if the defendant had been properly advised of the prosecutor's aiding and abetting theory, that there was a reasonable probability that the defendant would have accepted the prosecutor's plea offer. On remand, the prosecutor shall reoffer the plea proposal, and once this has occurred, the trial court "may exercise discretion in deciding whether to vacate the conviction from trial and accept the plea or leave the conviction undisturbed." *Lafler,* slip op at 13. In exercising that discretion, the trial court may consider the defendant's willingness to accept responsibility for his actions, and it may also consider any information concerning the crime that was discovered after the plea offer was made to fashion a remedy that does not require the prosecution to incur the expense of conducting a new trial. *Id.*



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

October 24, 2012

_____
Clerk

t1017